IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIE GRINBAUM | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LAW SCHOOL ADMISSION | : | |
| COUNCIL, INC. | : | NO. 08-cv-03908-JF |

MEMORANDUM

Fullam, Sr. J. February 8, 2010

　　　　Plaintiff sought, but was denied, special accommodations because of his handicap, in connection with the administration of the Law School Admission examination. He brought this action for violation of the Americans with Disabilities Act, predicated upon these events. Eventually, the defendant agreed to grant the accommodations plaintiff sought. The issue now before the Court is whether plaintiff is entitled to be regarded as the "prevailing party" for purposes of the award of counsel fees.

　　　　At an earlier stage, I had expressed the view that plaintiff should be regarded as the "prevailing party" and granted plaintiff an extension of time in which to file an application for counsel fees. Remarkably, the defendant appealed to the Third Circuit Court of Appeals from that Order, but the appeal was promptly dismissed because it was premature. Plaintiff now seeks an award of counsel fees covering the

District Court litigation, and also the abortive appeal to the Third Circuit.

Although it remains my personal opinion that the plaintiff did indeed prevail in this litigation, I have reluctantly concluded that the Supreme Court's decision in Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001), compels the conclusion that plaintiff does not indeed qualify as the prevailing party. His application for fees will therefore be denied.

To the extent that plaintiff seeks counsel fees for the abortive appeal to the Third Circuit, I conclude that his application should be presented to that Court, not the District Court.

An Order follows.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam, Sr. J.